**SO ORDERED.**

**SIGNED this 19 day of January, 2011.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
John C. Cook
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **Pamela Ann Morgan** | ) | No. 10-13804 |
| | ) | Chapter 7 |
| **Debtor** | ) | |

**MEMORANDUM**

This case is before the court on motions filed by Jerrold D. Farinash, as trustee of the bankruptcy estate of the debtor in this case (the "Morgan Trustee"), and W. Grey Steed, as trustee of the bankruptcy estate of Luis H. Rivas (the "Rivas Trustee"), seeking to alter or amend this court's order of November 29, 2010, to the extent that it overruled the movants' objections to the debtor's exemption claim.

Having considered the motions, the court is not persuaded that its original ruling was incorrect. Citing several authorities, including *In re Ballard,* 115 B.R. 190 (Bankr. D. Minn. 1990), the court concluded that "the only question [regarding debtor's bankruptcy exemption claim] . . . is whether the debtor is entitled to his exemption as against general creditors; and, if such is the case, the claim cannot

be denied because there are some creditors as against whom the claim of exemption could not be sustained." The Rivas Trustee cites *Brown v. Manty (In re Brown)*, 427 B.R. 715 (D. Minn. 2010), as contrary authority. In *Brown*, the debtor was found to have violated securities laws in misappropriating funds from his investment company. After he filed a bankruptcy petition, the receiver of the investment fund filed a complaint seeking the imposition of a constructive trust on the debtor's assets to the extent that they could be traced to the investors, and the disallowance of his exemption claim. The complaint also sought a determination that the debt to the investors was nondischargeable. The receiver prevailed in the adversary proceeding, and the bankruptcy court concluded that the debtor's debt to the investors should not be discharged. The bankruptcy court also determined "that Brown would be unjustly enriched if the court permitted him to retain assets that were the product of fraud, and imposed a constructive trust on Brown's homestead and Brown's 401(k) account to the extent that those assets were attributable to Brown's misappropriation of [investment company] funds." *Id.* at 721. The district court affirmed, based on a conclusion that the debtor's conduct removed the protections of the homestead exemption. *Id.* at 723.

*Brown* is not persuasive for two reasons. First, the debtor in this case, unlike the debtor in *Brown*, was not found guilty of fraud or wrongdoing. More importantly, however, the *Brown* case did not address the issue discussed in *Ballard* and the other authorities cited by the court, namely, that a court may not disallow the exemption claim in favor of all of a debtor's creditors simply because one of those creditors or a group of those creditors has a basis for defeating a debtor's homestead exemption claim, outside of bankruptcy, as it pertains to that particular creditor's claim.

The Morgan Trustee argues that allowing the homestead exemption claim would contravene public policy since the debtor purchased her home from an unauthorized postpetition transfer of funds from Mr. Rivas's bankruptcy estate. That unauthorized postpetition transfer has been addressed,

however, in the adversary proceeding brought by the Rivas Trustee against the debtor. There, the Rivas Trustee obtained a judgment against the debtor for the value of the unauthorized transfer pursuant to 11 U.S.C. §§ 549 and 550. While many investors had claims against Mr. Rivas and his bankruptcy estate based on fraud and misappropriation, only the Rivas Trustee had standing to maintain avoidance actions against the debtor and others who received fraudulent, preferential, or unauthorized postpetition transfers under the Bankruptcy Code. The Rivas Trustee was not prosecuting fraud or misappropriation claims on behalf of the investors against Mr. Rivas and others arising out of the Ponzi scheme. Rather, the role of the Rivas Trustee was to pursue avoidable transfers under the Bankruptcy Code that could be recovered for the benefit of the Rivas bankruptcy estate. He was successful in avoiding the postpetition transfer to the debtor and obtaining a judgment for the value of that transfer. He did not, however, obtain a constructive trust or equitable lien in the debtor's home based on an arguable theory that a constructive trust or equitable lien in the home should be recognized because the debtor used the unauthorized transfer to purchase it.[1] *See Akers v. Gillentine*, 231 S.W.2d 369, 371 (Tenn. 1948) ("When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.") (citations omitted).

Absent allegations that the debtor committed fraud in connection with her exemption claim, *see, e.g., In re Sumerell*, 194 B.R. 818 (Bankr. E.D. Tenn. 1996), or transferred nonexempt property into

---

[1] As pointed out in the court's previous opinion, the Rivas Trustee did seek an equitable lien on the real property, both in the complaint against the debtor and in a motion to alter or amend the judgment against her. However, such relief was not granted in the judgment, and the motion to alter or amend was withdrawn before the debtor filed her bankruptcy petition. The Sixth Circuit Court of Appeals has addressed the applicability of constructive trust theories once a bankruptcy case has been filed. *See, e.g., Poss v. Morris (In re Morris)*, 260 F.3d 654 (6th Cir. 2001); *Kitchen v. Boyd (In re Newpower)*, 233 F.3d 922 (6th Cir. 2000); *McCafferty v. McCafferty (In re McCafferty)*, 96 F.3d 192 (6th Cir. 1996); *XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.)*, 16 F.3d 1443 (6th Cir. 1994); *State ex rel. Flowers v. Tenn. Coordinated Care Network*, No. M2003-01658-COA-R3-CV, 2005 WL 427990 (Tenn. Ct. App. Feb., 23, 2005).

a homestead with intent to hinder, delay, or defraud a creditor, *see* 11 U.S.C. § 522 (o), neither of which were argued or proven, the court does not see how, under the stipulated facts in this case, the debtor's bankruptcy exemption claim can be denied for the benefit of the debtor's general creditors.[2]

For the foregoing reasons, an order will enter denying the motions to alter or amend the court's order of November 29, 2010.

###

---

[2] In the context of this case, it is obvious that the debtor's general creditors, other than the Rivas Trustee [for the unauthorized postpetition transfer] and Mr. Rivas's defrauded investors [possibly through tracing of the ill-gotten gains], would not have been able to obtain a constructive trust against the debtor's home. Hence, the debtor's general creditors, acting through the Morgan Trustee, have failed to assert a basis for keeping the amount of the bankruptcy homestead exemption in the debtor's bankruptcy estate for their benefit.